## STEINER v. ROTENBERRY.

[90 South. 250. No. 22259.]

1. MORTGAGES. *Partner managing partnership business may appoint substituted trustee under power given firm.*

  Where a person giving a deed of trust to a partnership provides that on the refusal of the trustee therein named to act that the creditor, the partnership, may appoint a substituted trustee with power to act, the manager of such partnership, who is a partner in said partnership, may appoint, in the name of the firm, a substituted trustee to act therein; the trustee originally appointed having refused to act as such trustee.

2. MORTGAGES. *Bookkeeper of grantee partnership may witness execution and delivery of trust deed.*

  A bookkeeper of a partnership having no legal or equitable interest in the debt secured or the property conveyed, and having no interest in the business, is a competent subscribing witness to prove the execution and delivery of the deed of trust so as to be entitled to be recorded.

APPEAL from circuit court of Panola county.

Action by E. M. Rotenberry, trustee, to use, etc., of the Panola Mercantile Company, against J. H. Steiner. Judgment for plaintiff, and defendant appeals. Affirmed.

*Lomax B. Lamb,* for appellant.

The questions submitted for decisions are:

First. Was the attempted substitution of Rotenberry as Trustee in the place of J. G. Wilson valid?

I respectfully submit that it was not. The deed of trust provided that if the trustee named should refuse, or become unable to act that the said creditor may appoint some one to act in his place. The said creditor was the firm composed of four individuals, and it was necessary for all four of the members of the firm to sign the appointment. Only one signed. It has been held repeatedly and

uniformly by this court that the power to substitute a trustee must be strictly complied with, and in this case, that was not done. It follows that if the appointment of Rotenberry was not valid that the demurrer should have been sustained.

Second. Was Miss L. M. Cauthen, bookkeeper of Panola Mercantile Company and beneficiary under the deed of trust on which plaintiff below sued, a competent witness to prove the execution of the deed of trust to entitle it to record?

I submit that the bookkeeper of Panola Mercantile Company was not more competent to prove the execution of the deed of trust, relied on by plaintiff, than one of the members of the firm. She was acting for the firm and her act in writing the deed of trust and in signing the same as a witness was the act of the firm, which firm was the beneficiary in the deed of trust. There are many reasons that could be given why it would not be proper for an agent, or employee of the beneficiary in a deed of trust or other instrument, to be a competent witness to prove for record the execution of the instrument. Officers who are qualified to take acknowledgments are required to give bond, and if a false certificate is made by an officer there is some recourse against the bond, but, if a witness makes a false proof, the injured party would be frequently without recourse. A disinterested witness would not likely make a false affidavit to get an instrument of record but an agent, or employee of a beneficiary might be induced and frequently would be, to make a false proof for the bene-ficiary of the principal.

Our court has never passed upon this question directly, but I respectfully call the attention of the court to the following cases which throw light on the issue: *Wasson* v. *Conner,* 54 Miss. 351; *Jones* v. *Porter,* 59 Miss. 628; *Holden* v. *Brimage,* 72 Miss. 228; *Fisher et al.* v. *Spence, et al.,* 37 N. E. 314.

The legislature recognized that an employee of a bank, or other corporation, was not qualified to take acknowledg-

ment to an instrument to a bank, or corporation, and passed chapter 227 of the Laws of 1918.

It is just as important that an employee of a beneficiary in an instrument be held disqualified as a witness as it is that such witness be held disqualified to take the acknowledgment to an instrument to the employer.

I respectfully submit that the peremptory instruction given for the plaintiff below was error. The plaintiff had not been properly appointed as trustee in the first place, and it is undenied and undisputed that Steiner, the beneficiary in the deed of trust last recorded, had no sort of actual knowledge of the existence of deed of trust in favor of the Panola Mercantile Company; if the proof by the employee was not good, of course, the record of the deed of trust to Panola Mercantile Company was void and not constructive notice.

I respectfully ask that the case be reversed and judgment entered for defendant.

*Jas. B. Boyles,* for appellee.

The first proposition argued by counsel for the appellant in his brief is: Was the substitution of E. M. Rotenberry as trustee in the place of J. G. Wilson valid?

The deed of trust executed by Essex Howery to the Panola Mercantile Company, to secure his indebtedness to them as the beneficiary, provides: "If the said trustee should, from any cause, refuse or become unable to act, then the said creditor may appoint some one to act in his place, who shall have all the powers herein conferred on the said trustee." The appointment of E. M. Rotenberry as substituted trustees, was made by F. W. Bailey a copartner and the business manager of the said Panola Mercantile Company. The partnership named was used by the said F. W. Bailey in making the appointment of the substituted trustee, and signed by him as a member of the partnership.

The general rule is that a co-partner acts as the agent of the partnership in the transaction of business within the scope of the partnership affairs. This is not a matter being attacked by members of the partnership, but by the appellant, who is seeking to gain this law suit upon a question that might be raised by co-partners when the one acting as the agent of the firm has exceeded his authority and they as members of the partnership are subject to some liability by reason of his acts. I submit that there is nothing in the evidence or the law that sustains the contention of the appellant on this proposition. Because the deed of trust reads that the creditor may appoint a trustee, does not mean that all the members of the partnership must sign the appointment, but, it simply means that the appointment must be made in the usual and customary way peculiar to the management of the creditor's business.

All commercial transactions in the business affairs of a partnership has communication of power to each member to transact the business of the partnership through each member in such way as to insure the existence of its management, and for the carrying on of the partnership business. The act of F. W. Bailey in making the appointment of the substituted trustee, was nothing more than the act of an agent in behalf of the partnership. It was a simple commercial transaction communicable to the entire membership of the firm. In support of my contention, I submit the following holdings of this honorable court: *Herin* v. *McCaughan*, 32 Miss. 17; *Cummings* v. *Parish*, 39 Miss. 412; *Faler* v. *Jordan*, 44 Miss. 283; *Davis* v. *Richardson*, 45 Miss. 499; *Lynch* v. *Thompson*, 61 Miss. 344; *Sylverstein* v. *Atkinson*, 45 Miss. 81; *Parberry* v. *Johnson*, 51 Miss. 291 *Bloom* v. *Helm*, 53 Miss. 21.

The second proposition discussed by counsel for the appellant in his brief is: Was the acknowledgment of the deed of trust by the subscribing witness, Miss L. M. Cauthen, given by Essex Howery to the Panola Mercantile Company as Beneficiary in said trust deed, sufficiently valid so as to entitle it to record?

There is no proof in this record that Essex Howery did not execute the deed of trust, and this is another question raised by the appellant with the expectation of prevailing in this law suit. If Essex Howery did not execute the deed of trust, then he is the proper party to raise the question and come into court and show that he did not. There is no proof in the entire testimony that tends to show in the least, that Essex Howery did not execute the deed of trust in controversy. If there was a false affidavit made by the subscribing witness in making the acknowledgment to the deed of trust, it would certainly be open to an attack for fraud, but the party making the attack must prove conclusively that it was fraudulent, and no proof of this sort was offered or appears in the record.

Section 23001, division 2, Hemingway's Code, and section 2799 of the Code of 1906, provides that a subscribing witness may make the acknowledgment to conveyances of real estate or personal property. This court has held that a deed attested by a single witness, is properly admitted to record, and that substantial compliance with the statute in cases of witnesses making the acknowledgment, is sufficient. *Wilkins* v. *Wells,* 9 S. & M. 325; *Moorse* v. *Clayton,* 13 Sm. & M. 375.

Chapter 227 of the Laws of 1918 with reference to the qualifications of an officer or employee of a bank to take acknowledgment of instruments to the bank, discussed by counsel in his brief for the appellant, is nothing more than a reiteration of the former holdings of this court prior to the enactment of this statute. For instance, it was held that an officer could not take an acknowledgment to an instrument executed to him; a trustee to a deed of trust executed and delivered to him. This is the holding in the cases cited by counsel for the appellant and especially is this true in the case of *Wasson* v. *Conner,* reported in 54 Miss. 335. These cases are not in point as the acknowledgment in the execution of the deed of trust in question was not made in an official capacity, but in the capacity of a subscribing witness.

Irrespective of this statute referred to by counsel, this honorable court held in a very recent case that a clerk, who was a debtor to a bank, was qualified to take the acknowledgment of the officers and directors in a general assignment for the benefit of creditors, and that he was not incompetent to take such acknowledgment because of the fact that he was director to the bank. (*Dodwell* v. *Rieves,* 114 Miss. 4).

The deed of trust executed by Essex Howery in which J. H. Steiner & Company was the beneficiary, was not filed for record until the 26th day of March 1920. The deed of trust executed by Essex Howery in which the Panola Mercantile Company was the beneficiary was filed for record on the 6th day of March 1920. The Panola Mercantile Company had no notice, actual or constructive, that J. H. Steiner & Company held the deed of trust executed to them by Essex Howery as it was not filed for record and they were not given any actual notice.

The J. H. Steiner & Company deed of trust not being filed for record and the Panola Mercantile Company not having any actual notice of the same, was void as to subsequent creditors. It was the duty of J. H. Steiner & Company, under the law, to file their mortgage for record or else it became void. (Sections 2291 and 2292, Hemingway's Code, sections 2787 and 2788, Code 1906.)

For this court to hold that an acknowledgment made by a subscribing witness to an instrument, because such witness is an employee of the firm that is beneficiary in the trust deed, would bring about a multitude of law suits and upset the commercial business of the state, as nearly all acknowledgments are made by employees who are working for partnerships and corporations. Especially is this true when the party executing the deed of trust has never been heard to complain.

I respectfully submit that the demurrer was properly overruled, by the court below, and that the peremptory instruction given for the plaintiff was not error and that this case should be affirmed.

ETHRIDGE, J., delivered the opinion of the court.

The appellant was defendant below and the appellee was the plaintiff. The plaintiff brought a suit against the defendant for the value of certain cotton claimed by the plaintiff to have been embraced in a deed of trust given by one Essex Howery to J. C. Wilson, trustee, to secure a debt due the Panola Mercantile Company, a partnership composed of J. S. Goff, W. H. Ming, F. W. Bailey, and S. C. Bailey. This deed of trust was not acknowledged before an officer, but was witnessed by L. M. Cauthen, who was the bookkeeper and employee of the Panola Mercantile Company. This deed of trust was dated the 2d day of March, 1920, and was filed for record on the 6th day of March, 1920, the subscribing witness having made affidavit in due form for the execution and delivery of the said deed of trust.

The defendant had a deed of trust also upon the crops given on the 19th day of January, 1920, and acknowledged on the same day before a notary public, but which was not filed for record until the 26th day of March, 1920. It appeared on the hearing that the defendant bought or secured possession of cotton, and sold or converted the same cotton to its use to the value of two hundred eight dollars and eleven cents, which was less than the amount due under the plaintiff's deed of trust. Each side requested a peremptory instruction, and the court gave the peremptory instruction requested by the plaintiff.

Prior to the bringing of the action by the plaintiff the following substitution of trustees was made, to wit:

"J. G. Wilson, trustee, refusing to act, the Panola Mercantile Company hereby appoint E. M. Rotenberry to act in his stead.

"This the 5th day of January, 1921.

"Panola Mercantile Company,
"Per F. W. Bailey."

It is contended by the appellant that the court erred in granting the peremptory instruction for two reasons: First,

because the appointment of a substituted trustee was void because the appointment was not signed by each member of the partnership of the Panola Mercantile Company. The provision for appointment of the substituted trustee is as follows: "If the said trustee should, from any cause, refuse or become unable to act then the said creditor may appoint some one to act in his place who shall have all the powers herein conferred on said trustee."

The contention is that F. W. Bailey, who was the manager of the said Panola Mercantile Company, did not have the right to make the appointment unless the power was made and executed and signed by the other three members of the partnership. We do not think this contention is well taken. The proof shows that F. W. Bailey was manager of the firm and a partner therein. The deed of trust was given in the partnership business. We think that he had the power to make the appointment in the name of the firm because he is the agent, for the purpose of the firm's business, of the other partners, and can act for the partnership in all matters affecting the partnership business so as to bind the said partners and third persons dealing with them in the manner that the debtor, Essex Howery, was dealing with them. We hold, therefore, that the appointment of the substituted trustee was valid.

Second, it is contended that the subscribing witness to the plaintiff's deed of trust was incompetent as a subscribing witness because she was an employee of the Panola Mercantile Company. We think this contention is without merit. In order to disqualify a person as a subscribing witness or as an officer to take an acknowledgment, such subscribing witness or officer must have some legal or equitable interest in the debt secured or the property conveyed, or be entitled to some of the fruits of the transaction. We do not here decide that such interest would disqualify a person who had such interest, preferring to leave that question open until we are presented with it for decision. We do decide, however, that where

such witness has no interest, legal or equitable, she is not disqualified merely because she is an employee of one of the parties to the instrument.

The judgment is affirmed.

*Affirmed.*